Per Curiam.
—The supplemental answer sought to be interposed in this action sets up the fact that since the filing of the original answer, the assignees of D. W. Bloom-berg & Co., mentioned in the complaint, have paid to the plaintiff six hundred and thirty-four dollars and thirty-four cents, on account of plaintiff’s demand, and that plaintiff consented to the assignment, and agreed to accept their proportion of the estate of their debtor, tmd would relieve and discharge him-from their claim. The affidavit on which the application was made, disclosed that on March 1, 1883, *324 the defendant first heard of the facts sought to be set up in the supplemental answer. On March 22, 1883, the order to show cause was obtained, and it does not appear that there was any laches in making the application. ■
• Without passing on the validity of the defense set up in the proposed supplemental answer, we think that defendant should have been allowed to present on the trial the facts, and that the validity of the defense should not be disposed of on a motion. It was held by the general term of this court in the case of Lyon v. Isen (42 Sow. 155), that “If the sufficiency of the proposed answer is a matter of doubt, the court will not prejudge the matter on such a motion, but permit the defense to be made.’ ’
Without expressing an opinion on the validity of the defense sought.to be interposed, we think substantial justice will be better obtained if defendant is allowed to present his defense on the trial, and have ic passed on at that time.
Order appealed from reversed, and motion for leave to serve supplemental answer granted. Ten dollars costs, and disbursements of this appeal, to abide the event of 'the action.